**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAMES LEE COKER, 817684,           Petitioner, | ) ) ) |
| v. | )    No. 3:15-CV-1415-M ) |
| WILLIAM STEPHENS, Director, TDCJ-CID,           Respondent. | ) ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I.     Background**

Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID. Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to burglary of a habitation and was sentenced to thirty years confinement. His conviction and sentence were affirmed on direct appeal. *Coker v. State*, 1999 WL 88781 (Tex. App. – Dallas, Feb. 23, 1999, pet. ref'd). Petitioner also filed three applications for state habeas relief, which were denied by the Court of Criminal Appeals.

On November 1, 2004, Petitioner filed a federal petition for writ of habeas corpus. *See Coker v. Dretke*, No. 3:05-CV-1236-G (N.D. Tex.). On August 23, 2005, the Court dismissed the petition as barred by the statute of limitations.

On May 17, 2007, Petitioner filed a second federal petition for writ of habeas corpus. *See Coker v. Quarterman*, 3:07-CV-932-G (N.D. Tex.). On June 27, 2007, the Court transferred the petition to the Fifth Circuit Court of Appeals as successive. On August 20, 2007, the Fifth Circuit dismissed the petition for want of prosecution.

On November 28, 2009, Petitioner filed a third § 2254 petition. *Coker v. Thaler*, 3:09-CV-2299-P (N.D. Tex.). On January 20, 2010, the Court transferred the petition to the Fifth Circuit as successive. On March 18, 2010, the Fifth Circuit dismissed the petition.

On May 5, 2015, Petitioner filed the instant § 2254 petition where he again challenges his burglary of a habitation conviction.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge** -2-

§ 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 13th day of May, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).